# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ASHLEY STEVENS, and ALEX DUNN, individually, and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>FRED MEYER STORES, INC., an Ohio corporation; THE KROGER CO., an Ohio corporation,<br><br>Defendants. | Case No.: 3:26-cv-5530-KKE<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** |

COMES NOW, Plaintiff Ashley Stevens ("Plaintiff Stevens"), and Plaintiff Alex Dunn ("Plaintiff Dunn"), individually, (together, "Plaintiffs") on behalf of themselves and all others similarly situated (the Class), by and through her attorneys, brings this Class Action lawsuit against Fred Meyer Stores, Inc., The Kroger Co., seeking to recover for Defendants' violations of Washington State and City of Seattle wage and hour laws. Plaintiffs complain and allege as follows:

## (I) JURISDICTION AND VENUE

1. This Court has jurisdiction of Plaintiffs' claims pursuant to 28 U.S.C. §§ 1332(a) and 28 U.S.C. §§ 1332(d) because complete diversity exists, the amount in controversy exceeds $5,000,000 and the class is estimated to be over 100 members.



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

2. Venue in the Western District is appropriate pursuant to 28 U.S.C. § 1391, because the events alleged took place within the District.

3. This Court also has supplemental jurisdiction over the violations of Seattle municipal law, Chapters 14.16, 14.19, and 14.20 of the Seattle Municipal Code, because the instant action alleges putative class claims for workers within the boundaries of the City of Seattle and claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. This Court has personal jurisdiction over Defendants. Each Defendant is registered to conduct business in the State of Washington, does transact business in Washington, has obtained benefits of the laws of the State of Washington and the Washington retail and labor markets, has sufficient minimum contacts in Washington, and/or otherwise intentionally avails itself of the Washington market so as to render the exercise of jurisdiction over them by Washington courts consistent with traditional notions of fair play and substantial justice.

5. Defendants transact business in Kitsap County, Seattle, and King County and all or most of the acts and omissions alleged herein took place in Kitsap County, Seattle, or King County, Washington.

6. The claims asserted on behalf of Plaintiffs and Class Members in this Complaint are brought under Washington law and the Seattle Municipal Code.

## (II) PARTIES

7. Plaintiffs, Ashley Stevens and Alex Dunn, are individuals over the age of eighteen, and at all times mentioned in this Complaint were a residents of Washington State, residing in Kitsap County and King County, Washington, respectively, and were each employed



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

by Fred Meyer and Quality Food Centers ("QFC"), wholly owned subsidiaries of The Kroger Co.

///

8. Plaintiffs is informed, believes, and based thereon alleges that Defendant Fred Meyer Stores, Inc. is an Ohio corporation, is registered to conduct business in Washington, does conduct business in Washington, and employs and/or employed hourly, non-exempt workers, including Plaintiffs and other similarly situated employees in Washington State; Fred Meyer Stores, Inc. may be served with process by serving its registered agent, Corporation Service Company at 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, Washington 98501.

9. Plaintiffs is are informed, believes, and based thereon alleges that Defendant The Kroger Co. is an Ohio corporation, is registered to conduct business in Washington, does conduct business in Washington, and employs and/or employed hourly, non-exempt workers, including Plaintiffs and other similarly situated employees in Washington State; The Kroger Co. may be served with process by serving its registered agent, Corporation Service Company at 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, Washington 98501.

10. At all times herein relevant, Defendants and DOES 1 through 5, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge,



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

///

11. The true names and capacities, whether corporate, associate, individual, or otherwise, of defendants DOES 1 through 5, inclusive, are unknown to Plaintiffs who sue said defendants by such fictitious names. Plaintiffs are informed and believes and based on that information and belief, alleges that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint and unlawfully caused the injuries and damages to Plaintiffs and Class Members as alleged in this Complaint. Plaintiffs will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

12. Plaintiffs is are informed, believes, and based thereon alleges that Defendants, in some manner, intentionally, negligently, or otherwise, are responsible for the acts, omissions, occurrences, and transactions alleged herein.

13. Plaintiffs is informed, believes, and based thereon alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiffs and Class Members so as to make each of said Defendants employers and employers liable under Washington State law.

14. Defendants acted as joint employers of Plaintiffs and Class Members because Defendants, directly or indirectly, exercised sufficient authority and/or control over the terms and conditions of Plaintiffs' and Class Members' employment.

15. Defendants have been and are employers within the meaning of the RCW 49.46.010(5), RCW 49.12.005(3), and their associated regulations.



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

16. Plaintiffs and Class Members were and are employees of Defendants within the meaning of RCW 49.46.010(4), RCW 49.12.005(4), and their associated regulations.

///

///

## (III) FACTUAL ALLEGATIONS

17. At all relevant times set forth herein, Plaintiffs and Class Members, and Subclass Members were employed and/or performed work for Defendants as hourly-paid or non-exempt employees within Washington State.

18. Defendants own and operate retail markets which offer a wide variety of groceries, home goods, and other supplies and consumer services to the general public.

19. Defendants, jointly and severally, employed Plaintiff Stevens as a non-exempt, hourly-paid employee in Washington State at Fred Meyer, a Kroger subsidiary, from approximately September 2022 through November 2025 in a variety of positions and shifts throughout the store, as well as at the Belfair QFC, although mainly at the Bremerton location of Fred Meyer. Defendants, jointly and severally, employed Plaintiff Dunn as a non-exempt, hourly-paid employee in at Quality Food Centers ("QFC"), another subsidiary of The Kroger Co., from approximately May 24, 2025, through December 6, 2025, mainly as a Deli Clerk, at the Interbay (Seattle) and Bellevue stores in Washington State. QFC has no corporate identity separate from The Kroger Co. in Washington State.

20. Plaintiffs and Class Members performed non-exempt work for Defendants and were subject to the same centralized and uniform employment and operations policies, practices, and procedures.



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

21. Plaintiffs are informed and believes, and based thereon alleges, that throughout Plaintiffs' employment with Defendants, Defendants engaged in a pattern and practice of wage abuse against Plaintiff and Class Members. This pattern and practice involved, *inter alia*, failing to provide Plaintiff and Class Members with all required meal and/or rest periods and all compensation due for all hours worked, during the relevant time period as required under Washington, Seattle, or King County law.

***(a) Rest Periods and Meal Periods***

22. Plaintiffs are informed and believes, and based thereon alleges, that Defendants engaged in a common course of (1) failing to provide Plaintiffs and Class Members with a paid ten-minute rest periods for every four hours worked; and (2) requiring or permitting Plaintiffs and Class Members to work more than three consecutive hours without a rest period. Each time an hourly-paid or non-exempt employee misses a rest period, Defendants receive the benefit of said employee's labor without providing them respite to which they are entitled.

23. Plaintiffs is are informed and believes, and based thereon alleges, that Defendants engaged in a common course of failing to provide Plaintiffs and Class Members with ten-minutes additional pay and/or time worked for each missed rest period, by requiring them to perform work, remain on-call, and/or remain on duty during what should have been an off-duty rest period.

24. Plaintiffs is are informed and believes, and based thereon alleges, that Defendants engaged in a common course of requiring or permitting Plaintiffs and Class Members to work more than five consecutive hours without a meal period, including by failing to provide Plaintiffs and Class Members with a thirty-minute meal period for every



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

five hours of work and a second 30-minute meal period within five hours from the end of the first meal period and for each five hours worked thereafter.

25. Plaintiffs are informed and believes, and based thereon alleges, that Defendants engaged in a common course of failing to provide Plaintiffs and Class Members with a thirty-minute meal period prior to or during the overtime period, when Plaintiff and Class Members are and/or were scheduled to work three (3) or more hours longer than a normal work day.

26. Plaintiffs are informed and believe, and based thereon alleges, that Defendants engaged in a common course of failing to ensure Plaintiffs and Class Members have received the meal periods and associated pay to which they are entitled.

27. Plaintiffs is are informed and believes, and based thereon alleges, that Defendants engaged in a common course of failing to ensure Plaintiffs and Class Members are fully relieved of all work duties during their meal periods, and instead required them to perform work, remain on-call, and/or on duty during what should have been off-duty meal periods.

28. Plaintiffs are informed and believes, and based thereon alleges, that Defendants engaged in a common course of failing to provide Plaintiffs and Class Members with thirty minutes additional pay and/or time worked for each missed meal period.

29. Plaintiffs are informed and believes that Defendants short-staffed their locations and provided inadequate staff coverage, forcing Plaintiffs and Class Members to skip or interrupt legally mandated meal periods and rest breaks to perform work.

30. For example, Plaintiffs and Class Members were required to keep on their person a portable radio (commonly known as a “walkie talkie”) to communicate with staff and managers throughout the workday. During what should have been Plaintiffs’ and Class



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

Members' duty-free mandated ten-minute rest break, managers often called them over the radio asking for their assistance, such as to assist a customer or to grab inventory, requiring them to perform work. If Plaintiffs and Class Members did not respond to the radio while on their break, managers would scold them, insisting that Plaintiff and Class Members respond whenever called on the radio—even when they are on their breaks.

***(b) Illegal Rounding of Time***

31. Plaintiffs are informed and believes, and based thereon alleges, that Defendants have a timeclock policy and practice that rounds employee clock ins and outs in a way that results in overall systematic underpayment of Plaintiffs and Class Members for the time they spend working for Defendants. The policy, being non-neutral to employees, violates Washington law, which requires timeclock rounding policies to be neutral in overall effect to employees.

***(c) Off-the-Clock Work and Unpaid Minimum, Regular, and Overtime Wages***

32. Plaintiffs  are informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

33. Plaintiffs is are informed and believes, and based thereon alleges, that Defendants engaged in a common course of failing to pay minimum wages to Plaintiffs and Class Members for all hours worked by, *inter alia*, failing to provide Plaintiffs and Class Members with ten minutes additional pay and/or time worked for each missed rest period and thirty minutes additional pay and/or time worked for each missed meal period.



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

34. Plaintiffs is are informed and believes, and based thereon alleges, Defendants engaged in a common course of failing to compensate Plaintiffs and Class Members for all work performed and/or compensable time, including, *inter alia*, off-the-clock work, prior to clocking in for the day, after clocking out for what should have been a duty-free meal period, and/or after clocking out for the day. For example, Plaintiffs and Class Members would not be paid for time they actually worked prior to clocking in (and would only be paid for work performed during the scheduled start and end time of their shift), would be called and texted by management and coworkers with work-related questions, were pressured to clock out to avoid overtime but continue working to finish their work, and required to travel to multiple locations of Defendants to pick up or retrieve orders that were incorrectly delivered, all while off-the-clock, resulting in unpaid working hours, including unpaid time required to be compensated-for at the applicable minimum, regular, and overtime rates.

///

35. Plaintiffs are informed and believes, and based thereon alleges, that Plaintiffs and Class Members regularly worked over forty (40) hours per week.

36. Plaintiffs is are informed and believes, and based thereon alleges, that Defendants have engaged in a common course of failing to pay overtime wages to Plaintiffs and Class Members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay, e.g., by requiring Plaintiffs and Class Members to perform work off-the-clock (i.e., before clocking into their shift, after clocking out for what should have been an off-duty meal period, and/or after clocking out of their shift) and by failing to compensate for missed meal periods and rest breaks (i.e., for working during what should have been a duty free rest break or meal period), which



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

extended the work performed during the workweek beyond forty (40) hours and resulted in Defendants' failure to pay compensation for all of the time that Plaintiffs and Class Members performed work for Defendants.

37. Plaintiffs is are informed and believes, and based thereon alleges, that Defendants engaged in a common course of failing to properly pay overtime wages and sick pay to Plaintiffs and Class Members for all hours worked by failing to correctly calculate and pay overtime wages and sick leave based on the regular rate of pay which is required to be calculated as the sum of all qualifying compensation (i.e., not just the base hourly rate pay) that an employee earns for the pay period, divided by the number of hours worked during said pay period.

***(d) Failure to Timely Pay Wages During Employment and at Termination of Employment***

38. Plaintiffs is are informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive all wages owed to them during their employment within the time permitted under Washington law, and Defendants failed to (1) timely pay all such wages owed to Plaintiffs and Class Members during their employment and upon termination of their employment; and (2) provide all wages owed to them upon termination of employment, including minimum, regular, and overtime wages.

***(e) Failure to Accrue, Allow Use of, and Pay for Sick and Safe Time***

39. Plaintiffs are informed and believes, and based thereon alleges, that Defendants engaged in a common course of failing to accrue sick and safe time, and failing to allow the usage of paid sick and safe time, for qualifying absences by Plaintiffs and Class Members.



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

40. Plaintiffs is are informed and believes, and based thereon alleges, that Defendants engaged in a common course of failing to accrue sick and safe time and failing to allow the usage of paid sick and safe time for qualifying absences by Plaintiffs and Class Members by failing to accrue paid sick leave for all hours worked (including, *inter alia*, off-the-clock work) and for work performed during what should have been duty-free rest periods, by Plaintiffs and Class Members.

***(f) Recordkeeping and Wage Statements***

41. Plaintiffs is are informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiffs and Class Members in accordance with Washington law, but they did not keep complete and accurate payroll records because, e.g., Defendants failed to track and pay for all hours worked, failed to provide proper rest periods and meal periods, and engaged in improper deductions, rebates, and/or failed to reimburse for employer and/or business-related expenses and costs with respect to, Plaintiffs and Class Members. Defendants also engaged in the common course of failing to maintain true, complete, and accurate payroll records pertaining to Plaintiffs and Class Members, of the rates of pay; amount paid each pay period to each such employee and the hours worked; daily and weekly hours worked; total daily or weekly straight time earnings and overtime wages paid weekly over and beyond straight-time earnings; total additions and deductions for each pay period and the nature of the items making up the additions or deductions; total wages paid each pay period; paid sick leave accrued and used; dates of payment for each pay period; and the number of piece-rate units earned by and any applicable piece rate paid to employees employed at each respective plant or establishment.



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

42. Resultantly, Plaintiffs are informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive complete and accurate wage statements in accordance with Washington law, but, in fact, they did not receive complete and accurate wage statements from Defendants. The deficiencies included, *inter alia*, the failure to include the total number of hours worked, pay basis (i.e., hours or days worked), the number of piece-rate units earned and any applicable piece rate if paid on a piece-rate basis or other rates, rate or rates of pay, and all deductions taken for each pay period.

***(g) Failure to Reimburse Business Expenses***

43. Plaintiffs is are informed and believes, and based thereon alleges, that Defendants engaged in a common course of making deductions and collecting rebates from the wages of, or compensation to be paid to, Plaintiffs and Class Members by requiring Plaintiffs and Class Members to incur employer and/or business-related expenses and costs and failing to reimburse for them, in violation of the law. These unreimbursed costs also reduced Plaintiffs' and Class Members' take home pay below the legally-required wage rates. As an example, Plaintiffs and Class Members were required to drive their personal vehicles and/or incur other expenses to commuting to and from multiple store locations, uncompensated, to pick-up or retrieve incorrectly-delivered orders.

44. Plaintiffs are informed and believes, and based thereon alleges, that Defendants engaged in a common course of requiring Plaintiffs and Subclass Members to incur employer and/or business-related expenses and costs and failed to reimburse them. These unreimbursed costs constitute necessary business expenditures incurred in direct consequence furtherance of Plaintiffs' and Subclass Members' job duties or in



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

obedience to Defendants' directions, which must be reimbursed under the Seattle Municipal Code (SMC).

45. Plaintiffs are informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to reimbursement for employer and/or business-related expenses and costs.

46. Plaintiffs are informed and believes, and based thereon alleges, that Defendants engaged in a common course of failing to identify and record deductions and rebates against wages openly and clearly in employee payroll records for Plaintiffs and Class Members.

## (IV) CLASS ACTION ALLEGATIONS

47. Plaintiffs bring this class action on Plaintiffs' behalves and on behalf of all other members of the general public similarly situated pursuant to Washington Superior Court Civil Rule 23, and 28 U.S.C. §1332(d) and seeks to represent and certify a class ("Class" or "Class Members") defined as follows:

> All current and former hourly-paid or non-exempt employees who worked for Defendants within the State of Washington at any time during the period from three (3) years preceding the filing of this Complaint to final judgment.

48. The proposed subclass ("Seattle Subclass" or "Subclass") is defined as follows for causes of action Eleven through Thirteen:

> All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the City of Seattle at any time during the period from three (3) years preceding the filing of this Complaint to final judgment.

49. Plaintiffs reserve the right to establish additional subclasses as appropriate.



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

50. The members of the Class and Seattle Subclass (hereinafter collectively, “class” or “class members”) are ascertainable and there is a well-defined community of interest in the litigation:

51. **Numerosity and Ascertainable Class**: The Class Members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiffs at this time. However, the Class is estimated to be approximately fifty (50) one hundred (100) or more individuals, and the identity of such membership is readily ascertainable by inspection of Defendants’ records.

52. **Commonality**: Plaintiffs’ claims are typical of all other Class Members’ as demonstrated herein. Plaintiffs worked for Defendants as an hourly-paid or non-exempt employees in Washington State. The claims of Plaintiffs, like the claims of the Class Members, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories. There are questions of law and fact common to Plaintiffs and the class that predominate over any questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

(a) Whether Defendants failed to compensate Plaintiffs and Class Members for all hours worked, including minimum, regular, and overtime wages to which they were entitled by law;

(b) Whether Defendants failed to provide Plaintiffs and Class Members with meal and/or rest breaks to which they were entitled by law, requiring them to perform work during meal and/or rest periods without proper compensation;

(c) Whether Defendants failed to timely pay all wages due to Plaintiffs and Class Members during their employment, as required by law;



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

(d) Whether Defendants failed to accrue sick leave/time for, failed to allow the usage of paid sick leave/time, and failed to pay sick leave at the correct rates for qualifying absences by Plaintiffs and Class Members, as required by law;

(e) Whether Defendants have failed to accrue sick and safe time for, and failing to allow the usage of paid safe time, for qualifying absences by Plaintiffs and the Seattle Subclass members;

(f) Whether Defendants failed to incorporate all forms of earned, non-discretionary compensation into the regular rate of pay used to calculate and wage overtime wages and paid sick, safe, and/or time off;

(g) Whether Defendants failed to timely pay Plaintiffs and Class Members all wages due upon the end of their employment, as required by law;

(h) Whether Defendants failed to provide Plaintiffs and Class Members with timely, accurate itemized wage statements to which they were entitled by law;

(i) Whether Defendants failed to keep complete, true, and accurate records pertaining to Plaintiffs and Class Members, as required by law, including, *inter alia*, regarding hours worked, rates of pay, gross wages, and all deductions for each pay period;

(j) Whether Defendants engage in time-rounding and so violates Washington law by resulting in systemic underpayment of work to Plaintiff and Class Members.

(k) Whether Defendants made deductions and collected rebates from the wages of, or compensation to be paid to, Plaintiffs and Class Members by requiring Plaintiffs and Class Members to incur employer and/or business-related expenses and costs and failing to reimburse them;



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

(l) Whether Defendants required Plaintiffs and Seattle Subclass Members to incur employer and/or business-related expenses and costs and failing failed to reimburse them;

(m) Whether Defendants were unjustly enriched from Defendants' payroll and other employment practices or policies under the common law of the State of Washington

(n) Whether Defendants had actual or constructive knowledge of the facts set forth herein;

(o) Whether Defendants' actions set forth herein were willful, intentional, and/or reckless; and

(p) The proper formula for calculating damages owed to Plaintiffs and Class Members as alleged herein, including the nature and extent of Plaintiffs and Class Members' injuries, damages, and losses, and the measure of compensation for such injuries, damages, and losses.

53. **Typicality:** Plaintiffs' claims are typical of all other class members' as demonstrated herein. Plaintiffs worked for Defendant as an hourly-paid or non-exempt employees in Washington State. The claims of Plaintiffs, like the claims of the class members, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

54. **Adequacy of Representation**: Plaintiffs will fairly and adequately protect the interests of each class member with whom Plaintiffs has have a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiffs have retained competent and capable attorneys who are experienced with complex and class action litigation and employment law. Plaintiffs and Plaintiffs' counsel are committed to



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

prosecuting this action diligently and zealously on behalf of the Class and Subclass and have the financial resources to do so. Neither Plaintiffs nor Plaintiffs' Counsel have interests that are antagonistic-to, contrary-to, or that conflict-with those of the other class members.

55. **Superiority of Class Action**: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical. Plaintiffs and the Class Members have suffered and will continue to suffer harm and damages because of Defendants' unlawful and wrongful conduct. Absent a class action, most Class Members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

56. **Policy Considerations**: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the Class Members who are not named in the complaint anonymity that allows for the vindication of their rights. If each individual class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each class member with Defendants' vastly superior financial legal resources.



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

## (V) CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Payment of Wages Less Than Entitled and Failure to Pay Minimum Wages**
**RCW 49.46.090; RCW 49.46.130**

57. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

58. Pursuant to the Washington Minimum Wage Act ("WMWA"), Defendants are required to pay Plaintiffs and Class Members all wages to which they are entitled, RCW 49.46.090. The WMWA sets a statewide minimum wage requirement for all covered employees. RCW 49.46.010(4).

59. "Wage" is defined as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director." RCW 49.46.010.

60. Employers who pay any employee less than the amounts to which the employee is entitled to are liable to those employees for the full amount due in addition to costs and reasonable attorney's fees as allowed by the court. RCW 49.46.090(1).

61. Additionally, time rounding must not result in systemic underpayment of employees for their work.

///

62. By engaging in the acts alleged herein, Defendants violated Washington law, including, *inter alia*, the provisions of RCW 49.46.090.

63. Plaintiffs and Class Members are entitled to recover unpaid minimum and regular wages because Defendants violated the WMWA by not reimbursing Plaintiffs and Class Members for business expenses that they were required to incur to perform their work and by not compensating Plaintiff and Class Members' for the time that they were



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

required to perform work before clocking in for their shift, during what should have been a ten-minute rest break, after clocking out for what should have been a duty-free meal period, and after clocking out for their shift.

64. As a result of the herein alleged unlawful acts of Defendants, Plaintiffs and Class Members have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and Class Members are entitled to recover damages under RCW 49.46.090, together with double damages (RCW 49.52.070), civil penalties (including and not limited to under RCW 49.12.170), interest, attorney fees, and costs (including, and not limited to, under RCW 49.46.090 and RCW 19.52.020).

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**RCW 49.46.130**

65. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

66. Pursuant to the WMWA, Defendants are required to pay Plaintiffs and Class Members one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a given workweek and additional compensable time for all missed rest breaks in such weeks. RCW 49.46.130.

67. Additionally, time rounding must not result in systemic underpayment of employees for their work.

68. By engaging in the acts alleged herein, Defendants violated Washington law, including, *inter alia*, the provisions of RCW 49.46.130, entitling Plaintiffs and Class Members to recover unpaid overtime wages because Defendants failed to compensate Plaintiffs and Class Members' time that they were required to perform work before clocking in for their shift, during what should have been a ten-minute rest break, after clocking out for what should have been a duty-free meal period, and after clocking out for their shift.



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

69. As a result of the alleged unlawful acts of Defendants, Plaintiffs and Class Members have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and Class Members are entitled to the recovery of, *inter alia*, damages, interest, and attorneys' fees and costs (including, and not limited to, under RCW 49.46.090 and RCW 19.52.020).

**THIRD CAUSE OF ACTION**
**Failure to Provide Rest Periods**
**RCW 49.12.020 and WAC 296-126-092**

70. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

71. Pursuant to the Washington Industrial Welfare Act ("WIWA"): "The welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect." RCW 49.12.010.

72. The WIWA also provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health." RCW 49.12.020.

73. Conditions of labor "means and includes the conditions of rest and meal periods" for employees. *See* RCW 49.12.005; WAC 296-126-002.

74. The WIWA, RCW 49.12, and its implementing regulation, WAC 296-126-092, provides that employees cannot waive their rest breaks and shall be allowed a rest break not less than ten (10) minutes on the employer's time for each four (4) hours of working time during their shifts. WAC 296-126-092; *see Pellino v. Brink's Inc.*, 164 Wn. App. 668, 688, 267 P.3d 383 (2011). ("[E]mployers have a duty to provide rest breaks and to ensure the breaks comply with the requirements of WAC 296-126-092.").



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

75. Additionally, "[R]est periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period," unless the nature of the work permits intermittent rest periods that are equivalent to ten minutes for each four (4) hours worked. WAC 296-126-092.

76. Under the WIWA, Defendants have an obligation to (1) provide non-exempt employees with a rest break of at least ten (10) minutes on the employer's time for every four (4) hours of work and not more than three (3) hours after their last rest period; (2) ensure that non-exempt employees receive the rest breaks to which they are entitled; and (3) provide non-exempt employees with ten (10) minutes of additional pay for each missed rest break.

77. By the actions alleged above, Defendants have violated the WIWA by failing to provide Plaintiffs and Class Members with timely rest breaks to which they are entitled an additional compensation for all their missed rest breaks.

78. As a result of the unlawful acts of Defendants, Plaintiffs, and Class Members were deprived of compensation in amounts to be determined at trial; and Plaintiffs and Class Members are entitled to the recovery of such damages, including interest, attorneys' fees and costs (including, and not limited to, under RCW 49.48.030).

///

**FOURTH CAUSE OF ACTION**
**Failure to Provide Meal Periods**
**RCW 49.12.020 and WAC 296-126-092**

79. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

80. Pursuant to WIWA: "The welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect." RCW 49.12.010.

81. The WIWA also provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health." RCW 49.12.020.

82. Conditions of labor "means and includes the conditions of rest and meal periods" for employees. *See* RCW 49.12.005; WAC 296-126-002.

83. The WIWA, RCW 49.12, and its implementing regulation, WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

84. WAC 296-126-092(1) provides that employers must allow employees a meal period of at least thirty (30) minutes to commence no less than two (2) hours nor more than five (5) hours from the beginning of the shift, and that if an employer requires an employee to remain on duty on the premises or at a prescribed work site, the meal periods shall be on the employer's time.

85. WAC 296-126-092(2) provides that an employer may not require an employee to work for a work period of more than five (5) consecutive hours without providing the employee with a meal period of not less than thirty (30) minutes.

///

86. Under Washington law, Defendants are required to provide a second thirty (30) minute meal period within five hours from the end of the first meal period and for each five hours worked thereafter.

87. WAC 296-126-092(3) provides that an employer must allow an employee who is scheduled to work three (3) or more hours longer than a normal workday, to take at least one thirty (30) minute meal period prior to or during the overtime period.



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

88. Under Washington law, Defendants have an obligation to (1) provide non-exempt employees with the meal periods to which they are entitled; (2) ensure that non-employees receive the meal periods to which they are entitled; and (3) provide non-exempt employees with thirty minutes of additional pay for each missed meal period.

89. By engaging in the acts alleged herein, Defendants violated Washington law, including, *inter alia*, the provisions of RCW 49.12.020 and WAC 296-126-092.

90. As a result of the herein alleged unlawful acts of Defendants, Plaintiffs and Class Members have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and Class Members are entitled to the recovery of, *inter alia*, damages, interest, and attorneys' fees and costs (including, and not limited to, under RCW 49.48.030).

**FIFTH CAUSE OF ACTION**
**Willful Withholding of and/or Refusal to Pay Wages**
**RCW 49.52.050, 49.52.070**

91. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

92. Pursuant to the Washington Wage Rebate Act ("WWRA") any employer or agent of any employer who "[w]ilfully and with intent to deprive the employee of any part of his or her wages" pays "any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor. RCW 49.52.050(2).

93. The WWRA also provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees. RCW 49.52.070.

94. An employer's nonpayment of wages is willful and made with intent "when it is the result of knowing and intentional action and not the result of bona fide dispute as to the



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

obligation of payment." *Wingert v. Yellow Freight Sys., Inc.*, 146 Wn.2d 841, 849 (2002) (quoting *Chelan Cty. Deputy Sheriffs' Ass'n v. Chelan Cty.*, 109 Wn.2d 282, 300 (1987)).

95. Defendants intentionally failed to pay all wages owed to Plaintiff and the Class Members, and Defendants knew or should have known that their employment policies, practices, and procedures violated Washington law.

96. Defendants' violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional under RCW 49.52.050.

97. As a result of the herein alleged unlawful acts of Defendants, Plaintiffs and Class Members have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and Class Members are entitled to the recovery of, *inter alia*, damages (including, e.g., twice the amount of unpaid wages), interest, attorneys' fees and costs (including, and not limited to, under RCW 49.52.070).

**SIXTH CAUSE OF ACTION**
**Failure to Accrue, Allow Use of, and Properly Compensate Paid Sick Leave Hours**
**RCW 49.46.210; WAC 296-128-620**

98. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

///

///

99. The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

100. Pursuant to RCW 49.46.200, Defendants must compensate Plaintiffs and Class Members at their regular and normal wages for sick leave taken, which was not



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

properly calculated because Defendants paid sick leave using only the base hourly rate of pay.

101. By engaging in the acts alleged herein, Defendants violated Washington law, including, *inter alia*, the provisions of RCW 49.46.210 and WAC 296-128-620.

102. As a result of the alleged unlawful acts of Defendants, Plaintiffs and Class Members have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and Class Members are entitled to the recovery of, *inter alia*, damages, interest, and attorneys' fees and costs (including, and not limited to, under RCW 49.46.090).

**SEVENTH CAUSE OF ACTION**
**Failure To Pay Wages Due at Established Pay Periods**
**RCW 49.46 *et seq.* and WAC 296-126-023**

103. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

104. All wages earned by an employee shall be paid on an established pay day, no longer than monthly payment intervals, with a regular pay day no later than ten calendar days after the end of the pay period if the pay period is less than a month long. WAC 296-126-023(3).

105. All wages earned for overtime labor shall be paid no later than the regular pay day following the next payroll period, and only so late if the overtime wages cannot be determined until after the next regular pay day for the pay period during which the overtime occurs. WAC 296-126-023(6).

106. Defendants are required to pay Plaintiffs and Class Members all wages to which they are entitled but, as alleged herein, Defendants failed to do so in accordance with Washington law, including, *inter alia*, as required by WMWA, RCW 49.46 *et seq*.

107. By engaging in the unlawful acts alleged herein, Defendants violated Washington law, including, *inter alia*, the provisions of WAC 296-126-023.



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

108. Defendants failed to meet their legal obligation to pay all wages due to Plaintiffs and Class Members at the established regular pay periods in violation of WAC 296-126-023.

109. As a result of the alleged unlawful acts of Defendants, Plaintiffs and Class Members have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and Class Members are entitled to the recovery of, *inter alia*, damages, interest, and attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION**
**Failure To Pay Wages Owed at Termination of Employment**
**RCW 49.48.010, 49.52.070**

110. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

111. Pursuant to the Washington Wage Payment Act, "[w]hen any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him or her on account of his or her employment shall be paid to him at the end of the established pay period[.]" RCW 49.48.010.

112. By the actions alleged above, Defendants have violated and continue to violate the provisions of RCW 49.48.010.

113. As a result of the unlawful acts of Defendants, Plaintiffs and Class Members have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.48.030, Plaintiffs and Class Members are entitled to such damages, together with attorney's fees, costs and disbursements, as well as pre- and post-judgment interest at the rate of 12 percent per annum (RCW 19.52.020).

**NINTH CAUSE OF ACTION**
**Failure To Furnish Itemized and Complete Wage Statements**
**WAC 296-126-040**

114. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

115. WAC 296-126-040(1) provides that "[e]very employer shall furnish to each employee at the time of payment of wages an itemized statement showing the pay basis (i.e., hours or days worked), rate or rates of pay, gross wages and all deductions for that pay period.

116. By engaging in the acts alleged herein, Defendants violated Washington law, including, *inter alia*, the provisions of WAC 296-126-040, including, *inter alia*, because Defendants issued wage statements to Plaintiffs and Class Members that did not include the wages and additional compensation owed for noncompliant meal periods and rest breaks and off-the-clock work.

117. As a result of the alleged unlawful acts of Defendants, Plaintiffs and Class Members have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of, *inter alia*, damages, interest thereon, and attorneys' fees and costs.

**TENTH CAUSE OF ACTION**
**Failure To Maintain Adequate Records**
**WAC 296-128-010, WAC 296-126-050, and RCW 49.46.070**

118. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

119. WAC 296-128-010 provides that for all employees who are subject to the minimum hourly wage set forth in RCW 49.46.020, "employers shall be required to keep and preserve payroll or other records containing the following information and data with respect to each and every employee to whom said section of said act applies:

> (1) Name in full, and on the same record, the employee's identifying symbol or number if such is used in place of name on any time, work, or payroll records. This shall be the same name as that used for Social Security record purposes;
>
> (2) Home address;
>
> (3) Occupation in which employed;



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

(4) Date of birth if under 18;

(5) Time of day and day of week on which the employee's workweek begins. If the employee is part of a workforce or employed in or by an establishment all of whose workers have a workweek beginning at the same time on the same day, a single notation of the time of the day and beginning day of the workweek for the whole workforce or establishment will suffice. If, however, any employee or group of employees has a workweek beginning and ending at a different time, a separate notation shall then be kept for that employee or group of employees;

(6) Hours worked each workday and total hours worked each workweek (for purposes of this section, a "workday" shall be any consecutive 24 hours);

(7) Total daily or weekly straight-time earnings or wages; that is, the total earnings or wages due for hours worked during the workday or workweek, including all earnings or wages due during any overtime worked, but exclusive of overtime excess compensation;

(8) Total overtime excess compensation for the workweek; that is, the excess compensation for overtime worked which amount is over and above all straight-time earnings or wages also earned during overtime worked;

(9) Total additions to or deductions from wages paid each pay period. Every employer making additions to or deductions from wages shall also maintain a record of the dates, amounts, and nature of the items which make up the total additions and deductions;

(10) Total wages paid each pay period;

(11) Date of payment and the pay period covered by payment;

(12) Paid sick leave accruals each month, and any unused paid sick leave available for use by an employee;

(13) Paid sick leave reductions each month including, but not limited to: Paid sick leave used by an employee, paid sick leave donated to a co-worker through a shared leave program, or paid sick leave not carried over to the following year […][;]

(14) Paid sick leave payments to construction workers covered by a collective bargaining agreement before usage as provided under RCW 49.46.180, and any remaining leave which remains after payment;

(15) The date of commencement of their employment, as defined in WAC 296-128-600(2);

(16) Paid sick leave paid out to a construction worker following separation from employment; [and

(17) Any date(s) of separation from employment, as defined in WAC 296-128-600(14)[.]"



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

120. WAC 296-126-050 provides that "[e]very employer shall keep for at least three years a record of the name, address, and occupation of each employee, dates of employment, rate or rates of pay, amount paid each pay period to each such employee and the hours worked."

121. RCW 49.46.070 provides,

> "[e]very employer subject to any provision of this chapter or of any regulation issued under this chapter shall make, and keep in or about the premises wherein any employee is employed, a record of the name, address, and occupation of each of his or her employees, the rate of pay, and the amount paid each pay period to each such employee, the hours worked each day and each workweek by such employee, and such other information as the director shall prescribe by regulation as necessary or appropriate for the enforcement of the provisions of this chapter or of the regulations thereunder. Such records shall be open for inspection or transcription by the director or his or her authorized representative at any reasonable time. Every such employer shall furnish to the director or to his or her authorized representative on demand a sworn statement of such records and information upon forms prescribed or approved by the director."

122. By engaging in the acts alleged herein, Defendants violated Washington law, including, *inter alia*, the provisions of WAC 296-128-010, WAC 296-126-050, and RCW 49.46.070.

123. As a result of the alleged unlawful acts of Defendants, Plaintiffs and Class Members have been deprived of compensation in amounts to be determined at trial, and are entitled to the recovery of, *inter alia*, damages, interest thereon, and attorneys' fees and costs.

**ELEVENTH CAUSE OF ACTION**
**Failure to Accrue and Allow Use of Paid Sick Time and Paid Safe Time**
**City of Seattle Paid Sick and Safe Time Ordinance, SMC 14.16.025 and 14.16.030**

124. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

125. The City of Seattle "Paid Sick and Safe Time" Ordinance provides a private right of action against an employer when "any person or class of persons suffers financial injury



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

as a result of a violation of this Chapter 14.16 or is the subject of prohibited retaliation under Section 14.16.080.” SMC 14.16.110.A.

126. Upon prevailing the person or class of person,

> may be awarded reasonable attorney fees and costs and such legal or equitable relief as may be appropriate to remedy the violation including, without limitation: the payment of any unpaid wages plus interest due to the person and liquidated damages in an additional amount of up to twice the unpaid wages; and a penalty payable to any aggrieved party of up to $5000 if the aggrieved party was subject to prohibited retaliation. Interest shall accrue from the date the unpaid wages were first due at 12 percent per annum, or the maximum rate permitted under RCW 19.52.020.

SMC 14.16.110.A.

127. To determine membership within a class of persons entitled to bring an action under this Section 14.16.110, two or more employees are similarly situated if they,

> 1. Are or were employed by the same employer or employers, whether concurrently or otherwise, at some point during the applicable statute of limitations period,
> 2. Allege one or more violations that raise similar questions as to liability, and
> 3. Seek similar forms of relief.

SMC 14.16.110.D.

128. Under this Section, employers are defined under “Tier 1”; “Tier 2”; or “Tier 3”:

> “Tier 1 employer” means an employer that employs at least one employee and fewer than 50 full-time equivalents, regardless of where those employees are employed, on average per calendar week.
>
> “Tier 2 employer” means an employer that employs at least 50 and fewer than 250 full-time equivalents, regardless of where those employees are employed, on average per calendar week.
>
> “Tier 3 employer” means an employer that employs 250 or more full-time equivalents, regardless of where those employees are employed, on average per calendar week.

SMC 14.16.010.



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

129. As provided under Section 14.16.025, "[a]ll employees of Tier 1, Tier 2, and Tier 3 employers have the right to paid sick time and paid safe time." SMC 14.16.025.A.

130. Unless employers have a combined or universal paid leave policy and meet certain statutorily delineated requirements,

> employees shall accrue paid leave, to be used as paid sick and paid safe time, as follows: 1. Employees of a Tier 1 or Tier 2 employer shall accrue at least one hour of paid sick and paid safe time for every 40 hours worked. 2. Employees of a Tier 3 employer shall accrue at least one hour of paid sick and paid safe time for every 30 hours worked.

SMC 14.16.025.B..

131. Pursuant SMC 14.16.025.E, paid sick time and paid safe time begin accruing at the start of employment, and notwithstanding Section 14.16.040, employees are entitled to use such accrued leave,

> on the 90th calendar day after the commencement of employment. When an employee is separated from employment and rehired within 12 months of separation by the same employer, the previous period of employment shall be counted for purposes of determining the employee's eligibility to use accrued paid sick time and safe time under this subsection 14.16.025.F, provided that if separation does occur, the total time of employment used to determine eligibility must occur within three calendar years.

SMC 14.16.025(F).

132. Additionally, employers who rehire employees within 12 months of separation must reinstate previously unused accrued paid sick and paid safe time and are entitled to use the additional eligible sick and safe time immediately upon recommencement of employment. SMC 14.16.025.L.

133. Under the provisions of SMC 14.16.025.G, any unused sick paid time and paid safe time shall be carried over to the following year, which establishes the maximum number of hours that may be carried over based on the employer's tier status.

134. An employee is authorized to use paid sick time for the following reasons:



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

> a. An absence resulting from an employee's mental or physical illness, injury, or health condition; to accommodate the employee's need for medical diagnosis, care, or treatment of a mental or physical illness, injury, or health condition; or an employee's need for preventive medical care; and
>
> b. To allow the employee to provide care of a family member with a mental or physical illness, injury, or health condition; care of a family member who needs medical diagnosis, care, or treatment of a mental or physical illness, injury, or health condition; or care of a family member who needs preventive medical care."

SMC 14.16.030.A.1.

135. An employee is authorized to use paid safe time for the following reasons:

> a. When the employee's place of business has been closed by order of a public official, for any health-related reason, to limit exposure to an infectious agent, biological toxin, or hazardous material;
>
> b. When the employee's place of business for a Tier 3 employer has reduced operations or closed for any health- or safety-related reason;
>
> c. When the employee's family member's school or place of care has been closed; and
>
> d. For any of the following reasons related to domestic violence, sexual assault, or stalking, as set out in RCW 49.76.030[.]

SMC 14.16.030.A.2.

136. "For overtime eligible employees, accrued paid sick time and paid safe time shall be used in hourly increments or, if an employer's payroll system tracks compensation in increments of less than one hour, in the smallest increment in which compensation is tracked." SMC 14.16.0309.C.

137. Moreover, employees may, by mutual agreement with their employer, work additional hours or shifts to make up missed time rather than use paid sick or safe time; however, employers may not require employees to work such additional hours, and any additional hours must comply with applicable overtime laws. SMC 14.16.030.G.



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

138. Employers are required to provide each employee with written notification each time wages are paid, using a "reasonable system" of their choice "listing available paid leave on each pay stub or developing an online system where employees can access their own paid leave information." SMC14.16.030.K.

139. By engaging in the acts alleged herein, Defendants violated Seattle law, including, *inter alia*, the provisions of SMC 14.16.025 and 14.16.030.

140. As a result of the alleged unlawful acts of Defendants, Plaintiff Dunn and Seattle Subclass members have been deprived of compensation in amounts to be determined at trial, and are entitled to the recovery of, *inter alia*, damages, penalties, interest, and attorneys' fees and costs.

**TWELFTH CAUSE OF ACTION**
**Failure to Pay Minimum Hourly Wage and Compensation**
**City of Seattle Minimum Wage Ordinance, SMC 14.19 *et seq.***

141. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

142. The City of Seattle's "Minimum Wage and Minimum Compensation Rates for Employees Performing Work in Seattle" Ordinance provides a private right of action against an employer when "any person or class of persons suffers financial injury as a result of a violation of this Chapter 14.19 or is the subject of prohibited retaliation under Section 14.19.055." SMC 14.19.110.A.

143. Upon prevailing the person or class of persons,

> may be awarded reasonable attorney fees and costs and such legal or equitable relief as may be appropriate to remedy the violation including, without limitation: the payment of any unpaid wages plus interest due to the person and liquidated damages in an additional amount of up to twice the unpaid wages; and a penalty payable to any aggrieved party of up to $5000 if the aggrieved party was subject to prohibited retaliation. Interest shall accrue from the date the unpaid wages were first due at 12 percent per annum, or the maximum rate permitted under RCW 19.52.020. *Id.*



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

144. Under Chapter 14.19, "[t]he payment of unpaid wages, liquidated damages, civil penalties, penalties payable to aggrieved parties, fines, and interest provided . . . are cumulative and are not intended to be exclusive of any other available remedies, penalties, fines, and procedures." SMC 14.19.080.

145. To determine membership within a class of persons entitled to bring an action under this Section 14.19.110, two or more employees are similarly situated if they,

> 1. Are or were employed by the same employer or employers, whether concurrently or otherwise, at some point during the applicable statute of limitations period,
> 2. Allege one or more violations that raise similar questions as to liability, and
> 3. Seek similar forms of relief.

SMC 14.19.110.D.

146. Under this Section, employers are either a "Schedule 1 employer" or a "Schedule 2 employer":

> "Schedule 1 employer" means all employers that employ more than 500 employees, regardless of where those employees are employed, and all franchisees associated with a franchisor or a network of franchises with franchisees that employ more than 500 employees in aggregate;
>
> "Schedule 2 employer" means all employers that employ 500 or fewer employees regardless of where those employees are employed. Schedule 2 employers do not include franchisees associated with a franchisor or a network of franchises with franchisees that employ more than 500 employees in aggregate.

SMC 14.19.010.

147. Both Schedule 1 employers and Schedule 2 employers must pay each employee an hourly minimum wage in compliance with a statutorily delineated schedule. SMC 14.19.030; SMC 14.19.035.

148. For Schedule 1 employers,



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

> Where an employee is paid on a commission or piece-rate basis, wholly or partially, the amount earned on such basis in each work-week period may be credited as a part of the total wage for that period, and the total wages paid for such period shall be computed on the hours worked in that period resulting in no less than the applicable minimum wage rate. Where an employee is paid a bonus, the amount of the bonus in each work-week period may be credited as a part of the total wage for that period, and the total wages paid for such period shall be computed on the hours worked in that period resulting in no less than the applicable minimum wage rate.

SMC 14.19.030.

149. For Schedule 2 employers, they "can meet the applicable hourly minimum compensation requirement through wages (including applicable commissions, piece-rate, and bonuses), tips and money paid by an employer towards an individual employee's medical benefits plan, provided that the Schedule 2 employer also meets the applicable hourly minimum wage requirements." SMC 14.19.040.

150. By engaging in the acts alleged herein, Defendants violated Seattle municipal law, including, *inter alia*, the provisions of SMC 14.19.030, 14.19.035, and/or 14.19.040.

151. As a result of the alleged unlawful acts of Defendants, Plaintiff Dunn and Seattle Subclass Members have been deprived of compensation in amounts to be determined at trial, and are entitled to the recovery of, *inter alia*, damages, penalties, interest, and attorneys' fees and costs.

## THIRTEENTH CAUSE OF ACTION
## Seattle Wage Theft Ordinance, Failure to Timely Pay Wages During Employment
## SMC 14.20.020

152. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

///

153. The City of Seattle Wage Theft Ordinance provides a private right of action against an employer when,

> any person or class of persons that suffers financial injury as a result of a violation of this Chapter 14.20 and, upon prevailing, may be awarded



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

> reasonable attorney fees and costs and such legal or equitable relief as may be appropriate to remedy the violation including, without limitation, the payment of any unpaid compensation plus interest due to the person and liquidated damages in an additional amount of up to twice the unpaid compensation; a penalty payable to any aggrieved party of up to $5,000 if the aggrieved party was subject to prohibited retaliation. Interest shall accrue from the date the unpaid compensation were first due at 12 percent per annum, or the maximum rate permitted under RCW 19.52.020.
>
> SMC 14.20.090.

154. To determine membership within a class of persons entitled to bring an action under Section 14.20.090, two or more employees are similarly situated if they meet the following:

> 1. Are or were employed by the same employer or employers, whether concurrently or otherwise, at some point during the applicable statute of limitations period,
> 2. Allege one or more violations that raise similar questions as to liability, and
> 3. Seek similar forms of relief.

SMC 14.20.090.D.

> For purposes of subsection 14.20.090.D, employees shall not be considered dissimilar solely because their 1. Claims seek damages that differ in amount, or 2. Job titles or other means of classifying employees differ in ways that are unrelated to their claims.

SMC 14.20.090.E.

155. For the purposes of this Chapter, “Compensation” means,

> payment owed to an employee by reason of employment including, but not limited to, **salaries**, **wages**, **tips, overtime, commissions**, piece rate, **bonuses**, **rest breaks**, promised or legislatively **required paid leave**, and **reimbursement for employer expenses. For reimbursement for employer expenses, an employer shall indemnify the employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of the employee's duties**, or of the employee’s obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.
>
> SMC 14.20.010 (emphasis added).



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

156. "An employer shall pay all compensation owed to an employee by reason of employment on an established regular pay day at no longer than monthly payment intervals." SMC 14.20.020.

157. By engaging in the acts alleged herein, Defendants violated Seattle law, including, inter alia, the provisions of SMC 14.20.020.

158. As a result of the alleged unlawful acts of Defendants, Plaintiff Dunn and Seattle Subclass members have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the other class members are entitled to the recovery of, *inter alia*, damages, penalties, interest, and attorneys' fees and costs.

## (VI) PRAYER FOR RELIEF

Wherefore, Plaintiffs, on their own his behalf behalves and on behalf of the Class and Subclass, prays for judgment against the Defendants, jointly and severally, as follows:

(a) An order preventing Defendants from retaliating in any way against Plaintiffs and any Class Member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

(b) An order certifying this case be maintained as a class action;

(c) An order appointing Plaintiffs as representatives of the Class and Subclass;

(d) An order appointing counsel for Plaintiffs as counsel for the Class and Subclass;

(e) All unpaid regular wages due under Washington law;

(f) All unpaid overtime wages due under Washington law;

(g) An award of exemplary or punitive damages due under Washington law;

(h) An award of double damages due under Washington law;

(i) An award of treble damages due under Washington law;

(j) An award of liquidated damages due under Washington law;



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

(k) All compensatory damages due under Washington law, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiffs and Class Members, together with interest on these amounts, according to proof to be determined at trial;

(l) An award and/or imposition of civil and/or statutory penalties due under Washington law.

(m) All attorneys' fees, costs and disbursements as provided by Washington law;

(n) Pre- and post-judgment interest as provided by Washington law;

(o) For restitution of unpaid wages;

(p) Injunctive relief prohibiting and enjoining Defendants from engaging in the conduct alleged herein;

(q) For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violating Washington law, as provided and allowed by law;

(r) Leave to amend this Complaint to conform with the evidence; and

(s) Such other and further relief as this Court deems just and proper.

Respectfully submitted this 28th day of April October, 2026.

///

///

///

**By:** *_/s/ Sarah S. Madison_*
Carolyn H. Cottrell *
Ori Edelstein *
Robert E. Morelli, III *
Sarah S. Madison, WSBA #62166
**Admitted Pro Hac Vice*
**SCHNEIDER WALLACE**



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com
smadison@schneiderwallace.com

&

Ben Stone, WSBA #33436
Joanna Ghosh, WSBA #65285
LAWYERS for JUSTICE, P.C.
b.stone@calljustice.com
Joanna@calljustice.com

*Attorneys for Plaintiff and Class and Subclass*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2026, I caused a true and correct copy of the foregoing document to be served upon all counsel of record through the Court's electronic filing system and/or by electronic mail to the addresses of counsel of record. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

*/s/ Sarah S. Madison*



**LAWYERS *for* JUSTICE, P.C.**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021